## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIK SEVERINGHAUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| DOCUSIGN, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Erik Severinghaus, by and through his attorneys, Pedersen & Weinstein LLP, for his Complaint against Defendant, Docusign, Inc. ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") to challenge Defendant's unlawful discrimination against him based on his gender as well as its retaliation against him for opposing the unlawful conduct. Plaintiff also asserts claims under the Family and Medical Leave Act ("FMLA") to challenge Defendant's unlawful discrimination and retaliation against him for taking job protected leave to care for his newborn child.

2. Plaintiff also challenges Defendant's unlawful conduct under the Illinois Human Rights Act ("IHRA").

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and principles of pendent and supplemental jurisdiction.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff was formerly employed by Defendant in the position of Senior Director of Business Development in Chicago, Illinois. Plaintiff began his employment with Defendant in September 2018 and was unlawfully fired on December 1, 2020.

6. Defendant is a software and technology company that provides electronic signature and digital transaction management software and services. Headquartered in San Francisco, California, Defendant has nearly 4,000 employees and serves customers worldwide. In 2020, Defendant generated over $973 million in revenue. At all times relevant to this Complaint, Defendant was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment With Defendant*

7. Plaintiff began working for Defendant in September 2018, when it acquired SpringCM, his then current employer where he had worked since March 2016.

8. Throughout his employment Plaintiff discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the high quality of his work and his conscientious devotion to his job. To be sure, in his reviews Defendant described Plaintiff as "intelligent, hard-working and passionate," and praised him for his engagement and leadership. In addition to the qualitative judgment of various supervisors, Plaintiff was routinely among the top performers when evaluated on assigned quantitative metrics.

9. Notwithstanding his impressive job performance, however, Defendant subjected Plaintiff to discrimination on account of his gender, specifically for taking paternity leave, and retaliated against him for complaining about the unlawful conduct.

***Defendant Discriminated Against Plaintiff Based On Gender***

10. Plaintiff first took parental leave from August 2019 to January 31, 2020, after his first child was born.

11. When Plaintiff returned to work, it was clear that certain executives were unhappy and disappointed that he had taken parental leave, as evidenced by negative comments made about him and adverse actions taken against him. As one example, shortly after Plaintiff returned to work, Chief Operating Officer Scott Olrich, who had been vocal about his anger with Plaintiff for taking parental leave, brusquely and sarcastically asked Plaintiff if he had enjoyed his "vacation." By comparison, women who took leave to care for their newborn children were not subjected to such comments. To Plaintiff, it appeared that the anger directed at him was based on gender-based stereotypes that women, not men, should be the primary caregivers in their families.

12. For further example, shortly after Plaintiff returned to work, he was asked by Vice President Chris Rimer ("Rimer"), his former supervisor, to represent Defendant at a customer event. Rimer and Plaintiff agreed it was a great way for Plaintiff to reconnect with key partners – one of his most important job responsibilities. However, when SVP of Business Development & Channels Mark Register ("Register"), Plaintiff's current supervisor, learned about the trip, he told Plaintiff he was disappointed that he was covering the event and was obviously irritated and angry. Register falsely claimed that the trip had not been budgeted, and when Plaintiff confirmed that it had, Register continued to criticize him, saying "someone who just got back should not be

3

leaving the office," or words to that effect. Register's comments were tantamount to an admission of wanting to punish an employee solely for taking parental / FMLA leave.

13. Defendant took other adverse actions against Plaintiff to punish him for taking paternity leave, including taking away his office, repeatedly singling him out for unwarranted criticism on leadership team calls, and denying him additional restricted stock units regularly awarded top performers, instead awarding them to other employees who had not taken parental / FMLA leave. Ultimately, as described below, Defendant fired Plaintiff for taking parental / FMLA leave.

***Plaintiff Complained About Discrimination And Was Subjected To Retaliation***

14. Over time, Register became so hostile toward Plaintiff after his return from paternity leave that Plaintiff was compelled to raise his concerns over the discriminatory treatment with human resources. Plaintiff explained to human resources that he was being bullied since he returned from parental / FMLA leave and was disturbed by the pattern of behavior he had witnessed.

15. Following this conversation with human resources, Register's open hostility dissipated for a while and Plaintiff earned a favorable mid-year review in August 2020. The situation changed dramatically, however, immediately after Plaintiff told Register his wife was pregnant and that he would be taking parental / FMLA leave again beginning in July 2021. To be sure, Plaintiff announced his wife's pregnancy on November 9, 2020 and was abruptly fired within a matter of weeks.

16. Further evincing Defendant's desire to drive Plaintiff out of the company and prevent him from taking a leave, it refused his request to look for other roles in the organization through an internal transfer which would have preserved his parental leave rights. Defendant regularly grants such requests for other employees who did not take leave and/or intended to take

leave as Plaintiff did.

***Defendant's Explanation For Firing Plaintiff Is Pretext***

17. While Defendant claims Plaintiff's role was eliminated due to a restructuring, this is not true. Instead, Plaintiff's role was reassigned to a less qualified and less senior employee who Plaintiff had actually trained and mentored. Plaintiff had also outperformed the other employee, who had not taken parental or FMLA leave like Plaintiff had.

18. Given Defendant's negative reaction to Plaintiff's first leave, the timing of his termination on the heels of announcing a second leave, and the pretextual explanation for firing him, as well as its refusal to allow Plaintiff to look for other roles within the company that would preserve his ability to take FMLA leave for his second child, it is clear that Defendant fired Plaintiff solely for taking family and medical leave (and for reporting the discriminatory treatment he endured upon his return) and to prevent him from doing so again.

***Defendant Failed To Exercise Reasonable Care To Prevent And Correct Unlawful Conduct***

19. Defendant's management directed, encouraged, and participated in the above-described unlawful conduct. Further, Defendant failed to exercise reasonable care to prevent and correct promptly any discrimination. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

20. The discrimination described above was consistent with Defendant's standard operating procedure.

21. Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

*Plaintiff Timely Filed A Charge Of Unlawful Discrimination*

22. Plaintiff timely filed a charge of discrimination and unlawful retaliation with the EEOC. Plaintiff subsequently received his Notice of Right to Sue (Issued on Request) on or about November 2, 2021.

23. The EEOC cross-filed Plaintiff's charge of discrimination with the Illinois Department of Human Rights ("IDHR") pursuant to the work-sharing agreement between the EEOC and IDHR. After requesting and receiving his Notice of Right to Sue from the EEOC, Plaintiff submitted a Notice of Opt Out of IDHR's Investigative and Administrative Process to the IDHR ("Opt Out Request Form") so he could pursue his state law claims in court. By notice dated December 13, 2021, the IDHR closed the IDHR charge and notified Plaintiff that he may commence a civil action against Defendant in an appropriate court of competent jurisdiction within ninety five (95) days after receipt of the notice. This Court has supplemental jurisdiction over Plaintiff's IHRA claims pursuant to 28 U.S.C. § 1367(a).

*Plaintiff Suffered Damage*

24. As a direct and proximate result of the unlawful conduct Plaintiff experienced, he has suffered extreme emotional and mental distress.

25. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

26. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

27. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct, as well as incurring

attorneys' fees and costs.

*Punitive Damages*

28. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

## COUNT I

## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

29. Plaintiff realleges paragraphs 1 through 28 and incorporates them by reference into Count I of this Complaint.

30. Title VII makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment, on the basis of gender.

31. By the conduct as alleged herein, Defendant subjected Plaintiff to gender discrimination in violation of Title VII.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII

32. Plaintiff realleges paragraphs 1 through 31 and incorporates them by reference into Count II of this Complaint.

33. Title VII, specifically 42 U.S.C. Section 2000e-3, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

34. Defendant retaliated against Plaintiff for his complaints of discrimination. By its conduct, Defendant subjected Plaintiff to unlawful retaliation in violation of Title VII.

## COUNT III

### UNLAWFUL CONDUCT IN VIOLATION OF THE
### FAMILY AND MEDICAL LEAVE ACT

35. Plaintiff realleges paragraphs 1 through 34 and incorporates them by reference into Count III of this Complaint.

36. The FMLA entitles eligible employees to a 12-week leave during any 12-month period for the birth of a child and to bond with the newborn child. Plaintiff was an eligible employee.

37. The FMLA also entitles any employee who takes such a leave to be restored to his former position or an equivalent position with equivalent terms and conditions of employment as his former position.

38. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the Act.

39. By the conduct as alleged herein, Defendant violated the FMLA.

40. Defendant's actions toward Plaintiff constitute willful violations of the FMLA; Defendant knew the FMLA prohibited its conduct or showed reckless disregard for whether it did.

## COUNT IV

### RETALIATION IN VIOLATION OF THE
### FAMILY AND MEDICAL LEAVE ACT

41. Plaintiff realleges paragraphs 1 through 40 and incorporates them by reference into Count IV of this Complaint.

42. The FMLA makes it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice it makes unlawful.

Similarly, the FMLA makes it unlawful for any employer to discharge or discriminate against anyone for taking part in proceedings or inquiries under the FMLA.

43. By the conduct as alleged herein, Defendant violated the FMLA.

44. Defendant's actions toward Plaintiff constitute willful violations of the FMLA.

## COUNT V

### GENDER DISCRIMINATION IN VIOLATION OF THE IHRA

45. Plaintiff realleges paragraphs 1 through 44 and incorporates them by reference into Count V of this Complaint.

46. The Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102(A), makes it unlawful to discriminate against any individual in the terms, privileges or conditions of employment on the basis of gender.

47. By the conduct as alleged herein, Defendant subjected Plaintiff to gender discrimination in violation of the IHRA.

## COUNT VI

### RETALIATION IN VIOLATION OF IHRA

48. Plaintiff realleges paragraphs 1 through 47 and incorporates them by reference into Count VI of this Complaint.

49. The IHRA, specifically 775 ILCS 5/6-101(A), makes it unlawful to retaliate against an employee who opposes what he reasonably and in good faith believes to be unlawful discrimination or because he has made a charge, filed a complaint, or participated in an investigation, proceeding, or hearing under the act.

50. Defendant retaliated against Plaintiff for engaging in protected activity, namely his complaints of discrimination and retaliation request for taking leave to care for his newborn

child. By its conduct, Defendant subjected Plaintiff to unlawful retaliation in violation of the IHRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court find in his favor and against Defendant as follows:

a. Declare that the acts and conduct of Defendant violate Title VII, the FMLA and IHRA;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

c. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

d. In the alternative to paragraph (c), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff liquidated damages;

h. Award Plaintiff prejudgment interest;

i. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

j. Award Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: January 11, 2022              Respectfully submitted,

                                                         By: */s/Jill Weinstein*

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
33 N. Dearborn, Suite 1170
Chicago, Illinois 60602
(312) 322-0710
(312) 322-0717 (facsimile)