IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIK SEVERINGHAUS, <br><br> Plaintiff, <br><br> v. <br><br> DOCUSIGN, INC., <br><br> Defendant. | Case No. 1:22-cv-00170 <br><br> Hon. Edmond E. Chang |

**DEFENDANT DOSCUSIGN, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER, AND INCORPORATED MEMORANDUM OF LAW**

Defendant DocuSign, Inc. ("DocuSign" or the "Company"), pursuant to the doctrine of *forum non conveniens*, 28 U.S.C. § 1404(a), and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (the "FAA"), respectfully submits this Motion To Dismiss, Or Alternatively, To Transfer, And Incorporated Memorandum Of Law, and states as follows:

**INTRODUCTION**

Plaintiff is bound by an arbitration agreement that plainly requires all disputes related to Plaintiff's past employment with DocuSign to be arbitrated in King County, Washington. The FAA mandates enforcement of this arbitration agreement, and Plaintiff cannot proceed in this Court. DocuSign accordingly requests that this Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1404(a) and the FAA, or alternatively, transfer the case to the United States District Court for the Western District of Washington.

**RELEVANT FACTS**

A.  **The Parties**

DocuSign pioneered the development of e-signature technology, and today helps organizations connect and automate how they prepare, sign, act on, and manage agreements. (*See* Declaration of Fiona Shinkfield, attached as **Exhibit A** hereto.) DocuSign's services allows organizations to manage electronic agreements, including methods of signing agreements electronically on different devices.

Plaintiff began working for DocuSign on September 5, 2018 as a result of an acquisition. (Ex. A, Shinkfield Decl. ¶ 3.) Plaintiff worked for DocuSign in Chicago as a Senior Director of Business Development until his position was eliminated effective January 1, 2021 (Compl. ¶ 5; Ex. A, Shinkfield Decl. ¶ 3.)

B.  **Plaintiff's Employment With DocuSign And Acceptance Of The Mutual Arbitration Agreement**

In August 2018, DocuSign extended an offer of employment to Plaintiff when it acquired his then-employer, SpringCM. (Ex. A, Shinkfield Decl. ¶ 3.) On August 28, 2018, prior to his employment with DocuSign, Plaintiff executed and agreed to DocuSign's Confidential Information, Invention Assignment, Non-Competition and Arbitration Agreement (the "CIIA"). (Ex. A, Shinkfield Decl. ¶¶ 6-7 & CIIA, attached as **Exhibit 1** thereto.)

Section 11 of the CIIA (the "Arbitration Agreement") requires the parties to submit claims regarding "any dispute or controversy . . . relating to all aspects of the employer/employee relationship" to arbitration in King County, Washington, rather than in court:

> **11. ARBITRATION AND EQUITABLE RELIEF**
>
> 11.1 Arbitration. EXCEPT AS PROVIDED IN SECTION 11.3 BELOW, I AGREE THAT ANY DISPUTE OR CONTROVERSY ARISING OUT OF, RELATING TO, OR CONCERNING ANY INTERPRETATION, CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS AGREEMENT,

79188058v.5

WILL BE SETTLED BY ARBITRATION TO BE HELD IN KING COUNTY, WASHINGTON, IN ACCORDANCE WITH THE EMPLOYMENT DISPUTE RESOLUTION RULES THEN IN EFFECT OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATOR MAY GRANT INJUNCTIONS OR OTHER RELIEF IN A DISPUTE OR CONTROVERSY. THE DECISION OF THE ARBITRATOR WILL BE FINAL, CONCLUSIVE, AND BINDING ON THE PARTIES TO THE ARBITRATION. JUDGMENT MAY BE ENTERED ON THE ARBITRATOR'S DECISION IN ANY COURT HAVING JURISDICTION. THE COMPANY AND I WILL EACH PAY ONE-HALF OF THE COSTS AND EXPENSES OF THE ARBITRATION, AND EACH OF US WILL SEPARATELY PAY OUR COUNSEL FEES AND EXPENSES.

11.2. <u>Waiver of Right to Jury Trial</u>. THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF EMPLOYEE'S RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS OF THE EMPLOYER/EMPLOYEE RELATIONSHIP (EXCEPT AS PROVIDED IN SECTION 11.3 BELOW), INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING CLAIMS:

. . .

(b) ANY AND ALL CLAIMS FOR VIOLATION OF ANY FEDERAL, STATE OR MUNICIPAL STATUTE, INCLUDING, BUT NOT LIMITED TO, TITLE VII OF THE CIVIL RIGHTS ACT . . .

. . .

11.4 <u>Consideration</u>. I UNDERSTAND THAT EACH PARTY'S PROMISE TO RESOLVE CLAIMS BY ARBITRATION IN ACCORDANCE WITH THE PROVISIONS OF THIS AGREEMENT, RATHER THAN THROUGH THE COURTS, IS CONSIDERATION FOR THE OTHER PARTY'S LIKE PROMISE. I FURTHER UNDERSTAND THAT I AM OFFERED EMPLOYMENT IN CONSIDERATION OF MY PROMISE TO ARBITRATE CLAIMS.

(Ex. A, Shinkfield Decl., at Ex. 1, CIIA § 11.)

Plaintiff's position was eliminated from DocuSign effective January 1, 2021. (Ex. A, Shinkfield Decl. ¶ 3.) Plaintiff now brings this Complaint against the Company asserting six counts relating to his employment and his position elimination: (1) gender discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) retaliation in violation of Title VII; (3) unlawful conduct in violation of the Family and Medical Leave Act,

3

29 U.S.C. § 2601 *et seq.* ("FMLA"); (4) retaliation in violation of the FMLA; (5) gender discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/1 *et seq.* ("IHRA"); and (6) retaliation in violation of the IHRA. (Compl. at pp. 7-9.)

## LEGAL STANDARD

A complaint should be dismissed when a party fails to comply with a valid arbitration agreement. *See Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 560 (7th Cir. 2021) (dismissing complaint due to valid arbitration agreement). The proper procedural mechanism for moving to dismiss pursuant to a forum selection clause pointing to a state arbitrational forum is through the *forum non conveniens* doctrine, 28 U.S.C. § 1404(a). *Dr. Robert.*, 7 F.4th at 560 (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)). "Dismissal, not transfer, is the proper remedy" "because the dismissal addresses the proper district for relief in light of the FAA." *Dr. Robert*, 7 F.4th at 561 n.7; *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1097 (N.D. Ill. 2015) (Chang, J.) (citing *Atl. Marine*, 571 U.S. at 60). Section 4 of the FAA provides that "a court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.*" *Bahoor*, 152 F. Supp. 3d at 1096 (quotations and citations omitted) (emphasis in original). Where, as here, the arbitration agreement mandates arbitration in a different district, "the proper action is to dismiss the complaint." *Id.* (dismissing complaint where arbitration clause in an employment agreement called for arbitration in New York County, New York).[1]

---

[1] In *Bahoor*, this Court dismissed the complaint for improper venue, deeming Rule 12(b)(3) the appropriate remedy under Seventh Circuit precedent. *Id.* at 1096 (citing, *e.g.*, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011)). However, this Court specifically recognized the Supreme Court's decision in *Atlantic Marine*, which ruled that the proper mechanism to enforce a forum-selection clause in

4

**ARGUMENT**

The claims in Plaintiff's Complaint are covered claims according to the Arbitration Agreement and must be submitted to arbitration. The FAA codifies a strong federal policy in favor of enforcing arbitration agreements. *See* 9 U.S.C. § 2; *Epic Systems Inc. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("The [FAA], this Court has said, establishes 'a liberal federal policy favoring arbitration agreements.'") (citation omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991) (FAA provisions demonstrate federal policy that favors arbitration and its "purpose was to reverse the longstanding judicial hostility to arbitration agreements"); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 232-33 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (same); *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1034 (7th Cir. 2012) (same). Title 9, § 2 of the FAA provides, in pertinent part, that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Under the FAA, where there is a valid arbitration agreement and the asserted claims in a lawsuit are within its scope, the arbitration requirement must be enforced. 9 U.S.C. §§ 3-4.

"[I]n Congress's judgment arbitration ha[s] more to offer than courts recognized — not least the promise of quicker, more informal, and often cheaper resolutions for everyone involved."

---

a contract, such as an arbitration agreement, is a motion pursuant to the doctrine of *forum non conveniens*. *Id.* at 1097 n.3 (citing *Atl. Marine*, 571 U.S. at 60). This Court noted that the Seventh Circuit had not yet addressed *Atlantic Marine* in the context of an arbitration forum-selection clause at that time, but observed that dismissal would still be the proper remedy under *Atlantic Marine* in light of § 4 of the FAA. *Id.* The Seventh Circuit has since decided the issue and held that a motion pursuant to *forum non conveniens* is the proper mechanism for seeking to enforce an arbitration agreement, not Rule 12(b)(3), but nevertheless held that dismissal was the appropriate remedy in that case. *See Dr. Robert*, 7 F.4th at 561 (dismissing case where arbitration clause called for arbitration in Minnesota). Accordingly, dismissal is the proper remedy here, whether that be pursuant to Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1404(a). *Id.* at 561 ("whether [defendant's] motion is analyzed as one under Rule 12(b)(3) or one under *forum non conveniens* does not impact the substantive analysis").

5

*Epic Systems*, 138 S. Ct. at 1621; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (arbitration allows parties to resolve their claims for "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes"). Thus, "'by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Indeed, as the Supreme Court reinforced in *Epic Systems*, through the FAA, "[n]ot only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." 138 S. Ct. at 1621; *see also Stolt-Nielsen*, 559 U.S. at 682-84 (to "'give effect to the contractual rights and expectations of the parties,'" agreements to arbitrate must be enforced according to their terms, and "it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so") (citation omitted and emphasis in original).

Further, as a matter of law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Gore*, 666 F.3d at 1032, 1034 ("Once it is clear . . . that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law."); *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (explaining that "a court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'") (citation omitted). Courts, therefore, should "move the parties to an

6

arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

> **A.** **Plaintiff's Claims Are Subject To Mandatory Arbitration Because A Valid Agreement To Arbitrate Exists, The Dispute Falls Within The Scope Of The Agreement, And Plaintiff Has Refused To Proceed To Arbitration As Required By The Arbitration Agreement**

Where, as here, there is "an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)); *see also Wisconsin Loc. Gov't Prop. Ins. Fund v. Lexington Ins. Co.*, 840 F.3d 411, 415 (7th Cir. 2016) (holding similarly).

A court must enforce an arbitration agreement where: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Indeed, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement"). The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Popovich v.*

*McDonald's Corp.*, 189 F. Supp. 2d 772, 775 (N.D. Ill. 2002); *Airtouch Commc'ns, Inc.*, 153 Wash.2d 293, 302, 103 P.3d 753 (2004).

Here, all three requirements are satisfied. Accordingly, the Court should dismiss Plaintiff's Complaint. *See Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) ("When a complaint requesting arbitration is filed in the wrong forum, the appropriate response is for the opposing party to file a motion to dismiss, which should then be granted by the court.").

### 1. The Mutual Arbitration Agreement Is A Valid Written Agreement

Plaintiff indisputably agreed to arbitrate the claims alleged in his Complaint. Whether the Parties agreed to arbitrate is a matter of state contract law. A contract, including an arbitration agreement, is enforceable where there is offer, acceptance, and consideration. *Willis v. Captain D's, LLC*, 2015 IL App (5th) 140234-U, ¶ 14; *Sprinkle v. Gen. Dynamics Land Sys.*, No. C09-1672Z, 2010 WL 1330328, at *4 (W.D. Wash. Mar. 30, 2010) (citing *Yakima County Fire Prot. Dist. No. 12 (West Valley) v. Yakima*, 122 Wash.2d 371, 389-90, 858 P.2d 245 (1993)).

Here, Plaintiff cannot dispute that he agreed to submit his claims to arbitration. In August 2018, DocuSign made a valid offer when it presented the CIIA to Plaintiff and made clear — via its express terms — that signing the CIIA would be deemed a condition of his employment and acceptance of its terms, including the Arbitration Agreement. (Ex. A, Shinkfield Decl., at Ex. 1, CIIA at p. 1 ("As a condition of my employment with DocuSign, Inc . . . I agree to the following")); *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1005 (N.D. Ill. 2013), *aff'd*, 556 Fed. Appx. 543 (7th Cir. 2014) (holding that plaintiff's signed agreement to enter into an arbitration agreement as a condition of employment "constitute[d] an offer and acceptance . . . to support enforcement of the agreement").

Plaintiff accepted DocuSign's offer and assented to the terms of the CIIA expressly by electronically signing the document on August 28, 2018. (Ex. A, Shinkfield Decl. ¶¶ 6-7); *see*

*also Johnson*, 928 F. Supp. 2d at 1005; *Moreno v. Progistics Distribution, Inc.*, No. 18 C 1833, 2018 WL 3659348, at *3 (N.D. Ill. Aug. 2, 2018) (that plaintiff "undisputedly received and signed constitute[d] both an offer and an acceptance of arbitration"); *Bahoor*, 152 F. Supp. 3d at 1098 (N.D. Ill. 2015) (arbitration agreement was enforceable where "'[p]laintiff admittedly signed arbitration provisions which would govern some disputes between the parties'") (citation omitted); *see also* 5 ILCS 175/5-120(b) ("[a]n electronic signature may be proved in any manner, including by showing that a procedure existed by which a party must of necessity have executed a symbol or security procedure").

Plaintiff also assented to the terms of the Arbitration Agreement by accepting the offer of employment. *See Moreno*, 2018 WL 3659348 at *4 (finding that the plaintiff's "continuation of her employment . . . after being notified of an arbitration program constitutes acceptance . . . under Illinois law"); *Warren v. Meijer*, No. 16 C 4706, 2017 WL 3087724, at *3 (N.D. Ill. July 20, 2017) ("An employee can accept an offer by commencing or continuing employment.") (citing *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109 (Ill. 2006)). Here, Plaintiff accepted the Arbitration Agreement by signing the CIIA, accepting an offer of work, and performing work. Therefore, Plaintiff's acceptance of the Arbitration Agreement is valid and binding.

The Arbitration Agreement is also supported by sufficient consideration. Its plain language notes that the consideration for the agreement is at least twofold: (1) "each party's promise to resolve claims by arbitration . . . rather than through the courts;" and (2) DocuSign's offer of "employment in consideration of [Plaintiff's] promise to arbitrate claims." (Ex. A, Shinkfield Decl., at Ex. 1, CIIA § 11.)

Courts routinely recognize that this is "considered sufficient consideration for an arbitration clause." *All Am. Roofing, Inc. v. Zurich Am. Ins. Co.*, 404 Ill. App. 3d 438, 450 (Ill.

9

App. Ct. 2010) ("mutual promise to arbitrate is considered sufficient consideration for an arbitration clause."); *Aste v. Metro. Life Ins. Co.*, 728 N.E.2d 629, 632 (Ill. App. Ct. 2000) ("a mutual promise to arbitrate is sufficient consideration to support an arbitration agreement"); *Sprinkle*, 2010 WL 1330328, at *4 ("offer of employment was consideration for [p]laintiff's agreement to arbitrate their employment related legal claims"); *Moreno*, 2018 WL 3659348 at *5 (collecting cases and holding that the plaintiff's "continued employment constituted consideration on the part of [her employer] for her promises in the Acknowledgement to arbitrate"); *Chatman v. Pizza Hut, Inc.*, No 12 CV 10209, 2013 WL 2285804, at *4 (N.D. Ill. May 23, 2013) (collecting cases holding similarly). Accordingly, there is sufficient consideration for Plaintiff's promise to submit his claims to arbitration.

Therefore, the Arbitration Agreement constituted a valid offer, acceptance, and consideration, and therefore, is valid and enforceable.

**2. Plaintiff's Claims In This Lawsuit Are Covered By The Mutual Arbitration Agreement**

The clear and express language of the Arbitration Agreement establishes that Plaintiff's claims against DocuSign are within the scope of claims covered by the Parties' agreement to arbitrate.

Specifically, the Complaint asserts counts of employment discrimination and retaliation — claims which undoubtedly relate to Plaintiff's past employment with DocuSign. (*See* Compl. at pp. 7-9.) These claims fall squarely within the Arbitration Agreement's covered claims, which include "any dispute or controversy arising out of, relating to, or concerning any . . . performance . . . of this agreement," or "relating to all aspects of the employer/employee relationship." (Ex. A, Shinkfield Decl., at Ex. 1, CIIA §§ 11.1-11.2); *MMIE, LLC v. Synectics Media, Inc.*, No. 20-CV-3874, 2021 WL 2645570, at *3 (N.D. Ill. June 28, 2021) (finding dispute within the scope of the

arbitration agreement where arbitration agreement provided that "[a]ny dispute arising under this Agreement will be subject to binding arbitration"); *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 891 (N.D. Ill. 2014) ("the Seventh Circuit has repeatedly held that the language 'arising out of' and 'relating to' is extremely broad and creates a presumption of arbitrability that reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract *per se*").

Moreover, the claims covered by the Arbitration Agreement explicitly include "any and all claims for violation of any federal, state, or municipal statute, including, but not limited to, Title VII . . . ." (Ex. A, Shinkfield Decl., at Ex. 1, CIIA § 11.2(B).) It is undisputable that the claims in this case are covered by the Arbitration Agreement, and should be submitted to an arbitrational forum.

### 3. Plaintiff Has Not Submitted His Claims To Arbitration

The final requirement for granting this Motion is also readily satisfied. Plaintiff filed his Complaint in federal court, rather than submitting his claims to arbitration as the Arbitration Agreement requires. Therefore, the three elements necessary to enforce the Arbitration Agreement are satisfied.

### CONCLUSION

For the foregoing reasons, DocuSign, Inc. respectfully requests that this Court enter an order dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1404(a) and the FAA, or alternatively, to transfer the case to the United States District Court for the Western District of Washington.

DATED: March 14, 2022    Respectfully submitted,

                                                         DOCUSIGN, INC.

                                                         By <u>/s/ *Danielle M. Kays*</u>
                                                           One of Its Attorneys

Danielle M. Kays
*dkays@seyfarth.com*
Sarah K. Bauman
*sbauman@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

12

79188058v.5

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

      /s/ *Danielle M. Kays*

79188058v.5